UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AD OBSCURA, LLC<br>D/B/A THE OBSCURE,<br><br>    Plaintiff,<br>v.<br><br>LILY M. FAN, Chair of the New York State Liquor Authority; EDGAR DE LEON, Commissioner of the New York State Liquor Authority; JOHN MAYA, Commissioner of the New York State Liquor Authority, all in their official capacities; and the NEW YORK STATE LIQUOR AUTHORITY,<br><br>    Defendants. | **Civil Action No.** 1:25-cv-3151<br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiff Ad Obscura, LLC d/b/a The Obscure (The Obscure) is a successful and creative craft distillery. Based in Los Angeles, The Obscure offers a two-hour guided tasting that pairs storytelling with cocktails and spirits. Many out-of-state tourists—including New Yorkers—visit The Obscure while in Los Angeles and enjoy the experience so much that they want to have Obscure spirits shipped to their out-of-state homes. But New Yorkers don't have that opportunity. New York bans California distilleries from shipping directly to New York consumers.

2. The New York State Liquor Authority (Liquor Authority) allows in-state distilleries to sell and ship spirits directly to New York consumers, but it denies out-of-state distilleries the same privilege. Instead, the Liquor Authority allows out-of-state distilleries to ship directly to New York consumers only when that distillery's

1

home state offers New York reciprocity. Unfortunately for The Obscure, California has a similar discriminatory and unconstitutional ban.

3. As a result, California distilleries like The Obscure may not ship directly to consumers in New York and New York distilleries may not ship directly to consumers in California. This is exactly the type of trade war that the Founders sought to prohibit when they cast aside the Articles of Confederation in favor of the Constitution and its Interstate Commerce Clause. Such anticompetitive bans on interstate commerce are plainly unconstitutional.

4. New York's reciprocity requirement creates a discriminatory burden on interstate commerce that prevents out-of-state distilleries from competing in New York on equal terms with in-state distilleries. The Obscure requests a declaratory judgment that the facially discriminatory laws are unconstitutional and a permanent injunction restraining New York officials from enforcing them.

## JURISDICTION AND VENUE

5. The Obscure brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983 to vindicate its constitutional rights under the Interstate Commerce Clause. This Court has jurisdiction over this action for declaratory and injunctive relief based on 28 U.S.C. §§ 1331 (federal question jurisdiction), 1343 (civil rights jurisdiction), and 2201-2202 (the Declaratory Judgment Act).

6. Venue is proper in this Court based on 28 U.S.C. § 1391(b), because at least one of the Defendants resides in this district and a substantial part of the acts giving

rise to Plaintiff's claim have occurred or will occur in the Southern District of New York.

## PARTIES

7.  Plaintiff The Obscure is a limited liability company organized under Delaware law. It has a California craft distillery license to manufacture spirits. The Obscure manufactures spirits in Los Angeles, California, and provides them to visitors during a two-hour guided tasting. It sells its spirits directly to consumers in its Los Angeles taproom. It also sells spirits through its website. The Obscure would ship spirits directly to New York residents, but for the state's interstate shipping ban that prevents The Obscure from doing so legally.

8.  Defendant Lily M. Fan is the chair of the New York State Liquor Authority and holds supervisory authority over it. N.Y. Alco. Bev. Cont. Law § 18. Defendants Edgar De Leon and John Maya are the Authority's Commissioners. The Liquor Authority investigates violations and enforces the state's alcohol laws, including the laws challenged in this lawsuit, through issuing or denying licenses and permits, disciplining licensees for violating alcohol laws, and issuing regulations concerning the manufacture, transport, and sale of alcohol. N.Y. Alco. Bev. Cont. Law §§ 14, 17, 118, 119. Defendants are sued in their official capacity.

9.  Defendant Liquor Authority is the New York state agency that regulates the manufacturing, transportation, and sale of alcohol in New York. N.Y. Alco. Bev. Cont. Law § 17. New York state law requires the Liquor Authority to be joined as a necessary party "to all actions and proceedings relative to issuance or revocation of

licenses or permits; to all injunction proceedings, and to all other civil actions or proceedings which in any manner affect the enjoyment of the privileges or the operation of the restrictions provided for [in the Alcoholic Beverage Control Law]." N.Y. Alco. Bev. Cont. Law § 124.

## FACTUAL ALLEGATIONS

### A. The challenged laws

10. New York allows distilleries located in the state that produce up to 75,000 gallons (commonly called microdistilleries) to secure a Class A-1 distillery license. N.Y. Alco. Bev. Cont. Law § 61.

11. State law generally prohibits distilleries from selling and shipping spirits directly to consumers. Instead, New York consumers must purchase spirits from retailers, with a limited exception for spirits purchased while physically present at a distillery's premises in New York.

12. State law also creates an exception for licensed microdistilleries, allowing them to make direct-to-consumer sales via the internet or over the phone and to ship spirits directly to consumers via common carriers. N.Y. Alco. Bev. Cont. Law § 69. Class A-1 microdistilleries may ship up to 36 cases, with no more than nine liters per case, directly to New York state residents for personal use. *Id.*

13. Because out-of-state microdistilleries do not qualify for a Class A-1 distillery license, if they wish to ship directly to New York consumers, they must obtain an "out-of-state direct shipper's license." N.Y. Alco. Bev. Cont. Law § 68. Under New York's Interstate Shipping Statute, the Liquor Authority will only issue this shipping

4

license if the distillery's home state affords New York distilleries "lawful means" to ship spirits directly to its residents and "reciprocal shipping privileges." *Id.* § 68(1). Thus, the Interstate Shipping Statute effectively bans direct-to-consumer sales for distilleries located in states that do not offer reciprocity.

14. Out-of-state distilleries may avoid the reciprocity requirement and the need for a shipping license if they sell through a New York-licensed "importer." N.Y. Alco. Bev. Cont. Law §§ 61-b, 102. Importers are allowed to sell the spirits to New York wholesalers, *id.* § 61-b, who may then sell the spirits to New York retailers, who may then sell directly to consumers. *Id.* § 62.

15. Out-of-state distilleries that ship spirits to New York consumers without a shipping license face criminal penalties, including fines and jail time. N.Y. Alco. Bev. Cont. Law §§ 130, 152.

**B.    Plaintiff The Obscure**

16. The Obscure was founded in 2020 as a passion project during the COVID-19 pandemic. However, after just five years, it is on track to have 30,000 patrons visit the distillery this year alone.

17. The Obscure offers its patrons a two-hour tasting experience where guests listen to stories paired with spirits or cocktails in a fantasy-themed tasting room.

18. The Obscure's distillery and taproom are located in Los Angeles, California. It does not have any locations in New York. The company holds a California-issued craft distillery license that authorizes it to manufacture up to 150,000 gallons of

spirits annually. Cal. Bus. & Prof. Code § 23502. The Obscure manufactures less than 75,000 gallons per year and has no plans to produce more than 75,000 gallons.

19. The Obscure maintains a website for California consumers to order its spirits through the internet and to have their orders shipped directly to them. The Obscure's direct-to-consumer shipping webpage explains that it only ships to California consumers.

20. The Obscure seeks to expand its direct-to-consumer shipping business, including shipping to consumers in New York given that many tourists from New York visit its distillery each year.

21. The Obscure has a special tie to New York that makes it appealing to New York consumers: it produces a rye whiskey with tree trimmings harvested from American Chestnut trees from New York. The Obscure donates a portion of the proceeds from its rye whiskey to the American Chestnut Foundation, which works to rehabilitate the American Chestnut tree in New York.

22. The Obscure has received requests from New York residents for direct shipments of spirits within the last three years.

23. The Obscure is equivalent in production capacity to the New York microdistilleries that may ship directly to New York consumers because it produces more than 50 gallons and less than 75,000 gallons of spirits a year.

24. Additionally, The Obscure is equivalent in class to the New York microdistilleries that may ship directly to New York consumers because The Obscure

is licensed as a "craft" distillery under the California craft distillery licensing laws, which, like New York's microdistillery laws, ease regulations for smaller distilleries.

25. California does not offer New York distilleries reciprocity and instead requires New York distilleries and other out-of-state distilleries to ship to California importers. Cal. Bus. & Prof. Code §§ 23300, 23661, 23666, 23670.

26. As a result, New York's Interstate Shipping Statute bans The Obscure from receiving a shipping license. N.Y. Alco. Bev. Cont. Law § 68.

27. But for the Interstate Shipping Statute's reciprocity requirement, The Obscure is ready, willing, and able to apply for a shipping license, to start shipping to New York residents, and to begin developing its direct-to-consumer spirits business in New York.

28. While The Obscure could sell through an importer (which can then sell to a wholesaler), selling spirits in New York through an importer and wholesaler raises The Obscure's cost of doing business, because importers and wholesalers charge significant fees for their services.

29. In-state microdistilleries are not required to use a New York-approved importer or wholesaler to ship directly to consumers in New York, and thus, do not have to pay the fees that importers or wholesalers charge.

30. The Obscure would not have to pay these fees if it were located in New York and could obtain a New York distillery license or if New York did not require reciprocity as a condition of securing a shipping license.

31. If The Obscure were permitted to ship directly to New York residents, it would comply with all other valid requirements in the Interstate Shipping Statute, including requirements related to taxes, age verification, and record-keeping. *See* N.Y. Alco. Bev. Cont. Law § 68.

32. New York's reciprocity requirement harms New York consumers by driving up the cost of doing business, which is necessarily passed on to consumers in the form of higher prices.

## CAUSE OF ACTION

## Violation of the Interstate Commerce Clause

## U.S. Const. art. I, § 8 and 42 U.S.C. § 1983

33. Plaintiff The Obscure alleges and incorporates by reference every allegation set forth in the preceding paragraphs.

34. Article I, Section 8, Clause 3 of the U.S. Constitution grants to Congress the power "[t]o regulate Commerce . . . among the several States." The U.S. Supreme Court has interpreted the Interstate Commerce Clause as having a "dormant" or "negative" aspect that prohibits states from enacting laws that discriminate against out-of-state interests or that excessively burden interstate commerce when weighed against the putative local benefits. *Tenn. Wine & Spirits Retailers Ass'n v. Thomas*, 588 U.S. 504, 514 (2019); *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).

35. While New York has the authority to regulate alcohol under the Twenty First Amendment, it "violate[s] the Commerce Clause [when it] mandate[s] 'differential treatment of in-state and out-of-state economic interests that benefits

8

the former and burdens the latter.'" *Granholm v. Heald*, 544 U.S. 460, 472 (2005) (quotation omitted).

36. The Supreme Court has deemed reciprocity requirements, like New York's, unconstitutional. *Great Atl. & Pac. Tea Co. v. Cottrell*, 424 U.S. 366, 381 (1976).

37. The challenged laws on their face, in their purpose, and in their effect discriminate against out-of-state economic interests and unduly burden interstate commerce.

38. By refusing to allow The Obscure and other out-of-state distilleries to sell, ship, and deliver spirits on the same terms as in-state distilleries, the challenged state laws discriminate against interstate commerce. This discrimination provides unfair economic advantages and protection to New York's in-state distilleries at the expense of The Obscure and other out-of-state distilleries.

39. New York does not have legitimate, non-protectionist grounds for its discriminatory and protectionist restrictions on out-of-state distilleries. There are no non-arbitrary grounds for this discrimination.

40. Even if New York was trying to further a legitimate purpose, that purpose could be served by nondiscriminatory alternatives.

41. Even if considered evenhanded, New York's reciprocity requirement substantially burdens interstate commerce by stifling the interstate market for spirits. These burdens are excessive in relation to any putative local interests.

42. Defendants, acting under color of state law, are violating the Interstate Commerce Clause.

## REQUEST FOR RELIEF

Plaintiff The Obscure seeks the following relief:

A. A declaratory judgment that N.Y. Alco. Bev. Cont. Law § 68, on its face and as applied to Plaintiff, violates the Interstate Commerce Clause of the Constitution insofar as it bans out-of-state distilleries from shipping to New York consumers unless the out-of-state distillery's home state offers reciprocity to New York distilleries;

B. A permanent injunction against Defendants, their officers, their employees, agents, assigns, and all persons acting in concert with them, directing them to stop enforcing N.Y. Alco. Bev. Cont. Law § 68's reciprocity requirement;

C. Attorney fees and costs pursuant to 42 U.S.C. § 1988; and

D. Any further legal or equitable relief that this Court may deem just and proper.

Dated: April 16, 2025     /s/ David McDonald
David McDonald
NY No. 5539424
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd, Suite 1000
Arlington, VA 22201
Telephone: 202.888.6881
DMcdonald@pacificlegal.org

Jeffrey D. Jennings*
VA Bar No. 87667
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
(mailing address only)
Telephone: 202.888.6881
JJennings@pacificlegal.org

Anastasia P. Boden*
CA Bar No. 281911
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: 916.419.7111
ABoden@pacificlegal.org

*Motion for admission pro hac vice forthcoming*

*Counsel for Plaintiff*