Case 1:25-cv-03151-CM   Document 35   Filed 09/12/25   Page 1 of 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AD OBSCURA, LLC d/b/a THE OBSCURE,

            Plaintiff,

-against-

LILY M. FAN, Chair of the New York State Liquor Authority;
EDGAR DE LEON, Commissioner of the New York State Liquor Authority; JOHN MAYA, Commissioner of the New York State Liquor Authority, all in their official capacities; and the NEW YORK STATE LIQUOR AUTHORITY,

            Defendants.



Docket No. 25-CV-3151

[PROPOSED]
**PROTECTIVE ORDER**

COLLEEN MCMAHON, U.S.D.J.

    Plaintiff Ad Obscura, LLC d/b/a The Obscure ("Plaintiff") and Defendants Lily M. Fan, Chair of the New York State Liquor Authority; Edgar De Leon, Commissioner of the New York State Liquor Authority; John Maya, Commissioner of the New York State Liquor Authority, all in their official capacities; and the New York State Liquor Authority ("Defendants")(each a "Party" and Defendants together with Plaintiff, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

    ORDERED that any person or entity subject to this Order -- including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

    **I.   Scope of Protective Order**

    1.    Any person or entity subject to this Order who receives from any other person or entity any "Discovery Material" (i.e., information and/or materials, documents, and things of any

kind provided or disclosed in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The protections conferred by this Protective Order cover not only Confidential Discovery Material, but also: (1) any information copied or extracted from Confidential Discovery Material; (2) all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and (3) any testimony or presentations by the parties or their counsel that contain Confidential Discovery Material. Any use of Confidential Discovery Material at trial may be governed by a separate agreement or order.

3. All documents, testimony, and information produced or made available during discovery in this action, whether or not containing or constituting Confidential Discovery Material, shall be used or disclosed by the party receiving the Discovery Material (the "Receiving Party") solely for the prosecution or defense of the claims in this action or the prosecution or defense of any appeals in this action and shall not be used for any other purpose.

4. This Protective Order shall qualify as a Health Insurance and Portability Accountability Act ("HIPAA") Qualified Protective Order (as defined in 45 C.F.R. § 164.512(e)(1)). Nothing in this Protective Order is intended to diminish the protections afforded by HIPAA.

5. The Party producing any given Discovery Material ("Producing Party") may designate as Confidential only such portion of such material as consists of:

    (a) documents or information relating to the private, personal, and non-public information of Parties or non-parties to the Litigation, including but not limited to: previously nondisclosed or nonpublic financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates,

2

        minimum guarantee payments, sales reports and sale margins); previously nondisclosed or nonpublic material relating to ownership or control of any non-public company; previously nondisclosed or nonpublic business plans, product development information, or marketing plans;

    (b)    documents or information of a personal or intimate nature regarding any individual;

    (c)    documents or information submitted by a non-party regulated person or entity (e.g., an actual or potential licensee) to the New York State Liquor Authority ("SLA") on a confidential or nonpublic basis;

    (d)    documents or information that, if disclosed, could compromise the integrity of any past or ongoing investigation, proceeding, or similar activity of a criminal, regulatory, enforcement or compliance nature that involves SLA or another state, local, or federal agency coordinating with SLA;

    (e)    documents or information that, if disclosed, could compromise the safety or security of any employee, investigator, informant, law enforcement officer, or facility of SLA or another state, local, or federal agency coordinating with SLA;

    (f)    any other documents or information not specifically identified in categories (a) through (e) above that counsel for the Producing Party believes in good faith that (1) there is good cause under applicable law to treat such information as Confidential Discovery Material and (2) producing such information as Confidential Discovery Material will facilitate timely disclosure under the current case schedule; or

    (g)    any other category of information hereinafter given confidential status by the Court.

## II. Deposition Testimony

6.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or that Party's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a Producing Party or that Party's counsel may either: (a) indicate on the record that a question calls for Confidential information, or (b) send written notice to the Receiving Party and the court reporter within fourteen (14) calendar days of service of the deposition or other transcript (or of notification by the court reporter that the transcript is available) designating those

portions of the transcript to be so designated. Upon such designation, the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by "Protective Order" by the reporter. Deposition testimony shall be treated as Confidential during this 14-day period.

### III. Inadvertent Failure to Designate

7.  An inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Simultaneously upon receipt of such written notice, the Receiving Party shall take reasonable steps to destroy or return all unmarked or mismarked copies of such Discovery Materials and certify in writing to the Producing Party that it has done so. A Receiving Party's disclosure of Discovery Materials in a manner otherwise permitted under this Order prior to a Producing Party's designation of such Discovery Materials as Confidential shall not be deemed a violation of this Order, subject to the limitation in Paragraph 3 to this Order that Discovery Material disclosed in this litigation shall not be used or disclosed for any purpose other than the prosecution or defense of the claims in this action or the prosecution or defense of any appeals in this action.

8.  If at any time prior to the trial of this action, a Producing Party realizes that some portion[s] of Discovery Material or deposition transcripts previously produced without limitation should be designated as Confidential, that Party may so designate it by apprising all Parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

### IV. Access to and Use of Confidential Discovery Material

9.  Each person who has access to Discovery Material that has been designated as

Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Confidential Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that is reasonably calculated to ensure that access is limited to the persons authorized under this Order.

10. The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as Confidential. Such information produced by non-parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

11. No person or entity subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as Confidential to any other person whomsoever, except to:

    (a) the parties to this action (including, for the avoidance of doubt, employees of SLA);

    (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (f) stenographers engaged to transcribe depositions conducted in this action; and

    (g) the Court and its support personnel.

12. Prior to any disclosure of any Confidential Discovery Material to any person

referred to in subparagraphs 11(d) or 11(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

13. For all Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, the filing Party shall seek to have such Confidential Discovery Material be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The Parties will use their best efforts to minimize the need for such sealing requests. The Parties shall follow the Court's procedures with respect to filing under seal. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

14. Nothing in this Protective Order constitutes an admission by any Party that Confidential Discovery Material disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Discovery Material.

### V. Challenging Confidential Designations

15. Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or

request. Counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

16. During the pendency of any challenge to any designation of confidentiality, all parties shall treat the challenged document or documents as Confidential.

## VI. Disclosure of Privileged or Otherwise Protected Discovery Material

17. If, in connection with this litigation, a Party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, deliberative-process privilege, executive privilege, or any other applicable privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. Inadvertently Disclosed Information includes information accidentally provided to the Receiving Party, as well as information intentionally produced that the producing party, upon review, reasonably determines is subject to a claim of attorney-client privilege, attorney work product protection, deliberative-process privilege, executive privilege, or any other applicable privilege.

18. Each person or entity who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. The production of protected documents, electronically stored information ("ESI") or other information subject to attorney-client privilege, work product protection, or any other applicable privilege or protection whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence

502(d).

20. If a disclosing Party makes a claim of disclosure of Inadvertently Disclosed Information, the Receiving Party shall, within five (5) business days, return, delete or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned, deleted, or destroyed, provided that any failure to return, delete, or destroy any Inadvertently Disclosed Information shall not be a violation of this Order if cured within five (5) business days of the date the Receiving Party knew, or by reasonable diligence should have known, of the failure.

21. Within five business days of the notification that such Disclosed Information has been returned or destroyed, the disclosing Party shall produce a privilege log with respect to the Disclosed Information.

22. As with any information redacted or withheld, the Receiving Party may move the Court for an Order compelling production of the Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the disclosure. The disclosing Party retains the burden of establishing the privileged or protected nature of any Disclosed Information. Nothing in this Order shall limit the right of any Party to request an <u>in camera</u> review of the Disclosed Information.

### VII. Confidential Discovery Material Subpoenaed or Ordered Produced in Other Litigation, Investigation, or Proceeding

23. Nothing contained herein is intended to or shall serve to limit in any way any Party's use of its own documents.

24. Nothing in this Protective Order shall be construed to prohibit, limit, modify, or interfere in any manner with the disclosure obligations of any party from using or disclosing

8

Confidential Discovery Material in response to a subpoena, court order, or other compulsory process requiring production of Confidential Discovery Material or in connection with a criminal or administrative investigation by any government or governmental body, grand jury proceedings, or the trial or pretrial procedures and preparation of a criminal or administrative case. Nothing in this Protective Order shall be construed to limit, modify, or interfere in any manner with the disclosure obligations of SLA under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions; and/or the interpretation, application, and implementation by SLA, their public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions as well as other laws and regulations. Nothing in this Protective Order shall be construed to limit, modify, or interfere in any manner with SLA, or any of their employees' or officials', use in the ordinary course of business and as permitted by law outside of this Litigation of documents and information designated as Confidential in this Litigation that they legally have in their possession and which were not received through discovery in this Litigation or through releases or authorizations signed by Plaintiffs. Nothing in this Protective Order shall be construed to limit, modify, or interfere in any manner with SLA, or any of their employees' or officials', use of their own Confidential Material and/or Discovery Material.

25. 28. Nothing in this Protective Order shall negate or obviate any requirement or obligation of confidentiality independent of this Protective Order.

26. 29. This Protective Order shall survive and remain in full force and effect after the termination of the Litigation. Neither the termination of this lawsuit nor the termination of employment of any person with access to any Confidential Material l shall relieve such person from the obligation of maintaining the confidentiality of such information

## VIII. Final Disposition

27. At the request of the Producing Party, upon the final conclusion of the Litigation, including any post-trial motions, appellate proceedings, and the period for implementation of any remedy agreed to by the Parties or ordered by the Court, all matter designated as Confidential (including all copies of such documents or identifiable portions thereof and all documents reflecting the documents or their contents) shall be returned promptly by the Receiving Party to the Producing Party, or, in lieu of their return, such documents may be destroyed (as by shredding), consistent with rules of professional responsibility. For Confidential documents or information containing material protected by HIPAA, return or destruction of that material is necessary regardless of a specific request from the Producing Party. The Receiving Party must certify in writing the return or destruction of all such documents within thirty (30) days of the Producing Party's request for return or destruction. However, counsel for the Receiving Party may retain their work product, copies of court filings, unredacted versions of all redacted documents filed with the Court or annexed as exhibits, and official transcripts with all exhibits thereto, provided any and all retained documents are kept confidential and will, along with the information contained therein, continue to be treated as Confidential pursuant to this Protective Order. This Paragraph does not apply to the Court's copies of matter designated as Confidential.

## IX. Violations and Modifications of the Protective Order

28. This Court shall retain jurisdiction over all persons or entities subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

29. Pursuant to the Court's Individual Rule VI, the Parties acknowledge and find acceptable the following:

(a) The Parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

(b) It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

(c) The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

(d) If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

SO STIPULATED AND AGREED.

| | |
|---|---|
| PACIFIC LEGAL FOUNDATION<br>*Attorneys for Plaintiffs*<br>By: /s/ Christian Townsend<br>Christian Townsend*<br>3100 Clarendon Blvd, Suite 1000<br>Arlington, VA 22201<br>(202) 888-6881<br>CTownsend@pacificlegal.org<br>*Admitted pro hac vice<br><br>Anastasia P. Boden*<br>PACIFIC LEGAL FOUNDATION<br>555 Capitol Mall, Suite 1290<br>Sacramento, CA 95814<br>(916) 419-7111<br>ABoden@pacificlegal.org<br>*Admitted pro hac vice<br><br>David McDonald<br>PACIFIC LEGAL FOUNDATION<br>NY No. 5539424<br>3100 Clarendon Blvd, Suite 1000<br>Arlington, VA 22201<br>(202) 888-6881<br>DMcDonald@pacificlegal.org | LETITIA JAMES<br>Attorney General<br>State of New York<br>*Attorney for Defendants*<br>By: /s/<br>Frances Polifione<br>Assistant Attorney General<br>28 Liberty Street<br>New York, NY 10005<br>(212) 416-8973<br>Frances.Polifione@ag.ny.gov<br><br>Dated: September 11, 2025<br>New York, New York |

Dated: September 12, 2025

SO ORDERED.

Dated:   New York, New York
         9/16/2025

_____
COLLEEN MCMAHON, U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AD OBSCURA, LLC d/b/a THE OBSCURE,

                Plaintiff,

-against-

LILY M. FAN, Chair of the New York State Liquor Authority; EDGAR DE LEON, Commissioner of the New York State Liquor Authority; JOHN MAYA, Commissioner of the New York State Liquor Authority, all in their official capacities; and the NEW YORK STATE LIQUOR AUTHORITY,

                Defendants.

Docket No. 25-CV-3151

**EXHIBIT A TO PROTECTIVE ORDER: NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non- disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

Print Name: _____

Signature: _____