The Honorable Colleen McMahon
Page 1

November 3, 2025

**BY ECF**

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

Re:   *The Obscure v. Fan et al.*, Index No. 25-cv-3151 (CM) (SDNY)

Dear Judge McMahon:

     Plaintiff, Ad Obscura, LLC D/B/A The Obscure and Defendants the New York State Liquor Authority ("SLA"), Lily M. Fan, in her official capacity as Chair of the SLA, Edgar De Leon, in his official capacity as Commissioner of the SLA, and John Maya, in his official capacity as Commissioner of the SLA, write jointly to provide the Court with an update on this matter as directed by the Court's Order, ECF No. 38.

     Plaintiff brought this action challenging the constitutionality of New York's reciprocity requirement for direct-to-consumer liquor shipping contained in New York State Alcohol and Beverage Law § 68 ("ABC Law § 68"). Plaintiff alleges that the reciprocity requirement violates the dormant Commerce Clause by discriminating against out-of-state distilleries.

     On September 13, 2025, the California Legislature passed Assembly Bill 1246, which would authorize direct-to-consumer shipping by out-of-state craft distilleries. On October 3, 2025, the bill was signed by Governor Gavin Newsom and has become law in California.

     SLA has reviewed the language of the new California law and has determined that it would meet the reciprocity requirement contained in ABC Law § 68, and that Plaintiff would no longer be ineligible to apply for an out-of-state direct shippers' license based on that licensing requirement.

     Plaintiff has informed Defendants that it intends to apply for an out-of-state direct shippers' license. During the pendency of that application, Plaintiff intends to request the Court hold this action in abeyance while its license application is reviewed to ensure New York's constitutional compliance.

     Defendants have informed Plaintiff that they would oppose such a motion. Defendants' position is that this case must be dismissed as moot now that the ABC Law's reciprocity provision, which is the basis for the alleged commerce clause

---

MEMO ENDORSED

Handwritten annotation (Judge McMahon):

11/4/2025 — Happy to stay for exactly two more weeks. If no meeting of the minds by then, defendants must make motion to dismiss no later than 12/5/2025.

/s/ CM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/2025

The Honorable Colleen McMahon
Page 2

violation in this lawsuit, would no longer prevent Plaintiff from applying for an out-of-state direct shippers' license.

The parties respectfully request that the Court extend the stay for another two weeks while the parties determine if they can come to a meeting of the minds regarding the path forward for this litigation, or alternatively, whether a court conference is required to discuss these issues.

Respectfully Submitted,

Christian Townsend*
TX Bar No. 24127538
David McDonald
NY No. 5539424
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd, Suite 1000
Arlington, VA 22201
Telephone: 202.888.6881
CTownsend@pacificlegal.org
DMcdonald@pacificlegal.org

Anastasia P. Boden*
CA Bar No. 281911
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: 916.419.7111
ABoden@pacificlegal.org

*Admitted pro hac vice
Attorneys for Plaintiff

Letitia James
Attorney General
State of New York
By: Frances Polifione
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Attorney for Defendants